Mr. Chief Justice Shahkey
delivered the opinion of the court.
The defendant below demurred, and assigned causes—
1. A variance between the writing declared on and that given on oyer.
2. That the contract created no individual liability, the estate of Ellis only being liable.
3. That the endorsement on the instrument showed the estate of Ellis.to be in the hands of Blanton, the trustee.
There is no ground for the first cause of demurrer. The declaration does not describe the consideration, the use for which it was intended, or the liability of the estate, as expressed in the writing obligatory; but this cannot make a variance, as it would have been surplusage, the description of the obligation being complete without a reference to the purpose for which it was incurred.
The second cause of demurrer is equally groundless. The liability created was personal: although it may have been created *197 for the benefit of the estate, Berthe did not contract in a representative capacity, but merely declared how the money was to be appropriated. The terms of the contract imposed no liability on the estate which could have been enforced by the plaintiff below, even if Berthe had possessed the power to bind it. If the ■ money was appropriated for the benefit of the estate, it became chargeable for the amount to Berthe. There is nothing in the subsequent agreement of Blanton which could change the original liability, as his agreement was at least only conditional, and not sufficient to extinguish the original obligation of Berthe. It is entirely immaterial in whose possession the property was, as the liability did not attach to the property.
The judgment must be affirmed.